# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| TITORIAN O. WEBB | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-56-TS |
| | ) | 1:09-CV-314 |
| UNITED STATES OF AMERICA | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Vacate under 28 U.S.C. § 2255 [DE 68] filed by Petitioner Titorian O. Webb on November 9, 2009. The Petitioner moves on four discrete grounds, all alleging that he received ineffective assistance of counsel leading up to and during his three-day jury trial, held before this Court on October 16, 17, and 18, 2007. The trial resulted in the jury returning a guilty verdict against the Defendant for three violations of 21 U.S.C. § 841(a)(1). The Government filed its Response to Motion Under 28 U.S.C. § 2255 [DE 70] on December 7, 2009. As the Petitioner has not filed a reply and the time to do so has passed, his Motion to Vacate is now ripe for adjudication.

## BACKGROUND

On May 24, 2007, a three-count Indictment [DE 1] was returned against the Petitioner for possessing cocaine, marijuana, and methylenedioxymethamphetamine with the intent to distribute, all in violation of 21 U.S.C § 841(a)(1). The Indictment was based on an incident in which police arrived with a warrant to search the house of the Petitioner's acquaintance, Kelle Hartman, and found the Petitioner standing in the driveway. In Hartman's basement they found exercise gear, along with illegal drugs and equipment for packaging drugs in plain view. Attorney Robert W. Gevers was appointed to represent the Petitioner. Prior to trial, on October

1, 2007, the Government filed a Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence Pursuant to Rule 404(b) [DE 25], regarding the Petitioner's 1996 drug dealing conviction. The Court allowed argument on the evidence and granted the Notice on October 17 over the objection of Mr. Gevers, who preserved the issue for appeal.

On October 16, 2007, a jury trial commenced in this action. During the trial, Hartman testified for the Government against the Petitioner and stated that the Petitioner had lived in her house and possessed the contraband discovered during the search. On October 19, the jury returned a guilty verdict. On January 31, 2008, this Court sentenced Webb to 120 months imprisonment, to be followed with 1 year of supervised release. On January 31, 2008, the Court granted Webb's § 3582(c) motion and reduced his sentence to 78 months imprisonment, still to be followed with 3 years supervised release. [DE 48].

The Petitioner timely filed his notice of appeal on February 12, 2008, and the Seventh Circuit Court of Appeals docketed his appeal as #08-1338. Attorney Gevers represented the Petitioner on appeal, and raised the Rule 404(b) argument. The Seventh Circuit, in its published opinion, held that although the Petitioner made a strong case that the prior crime evidence should have been excluded, any error made by this Court was harmless error. *United States v. Webb*, 548 F.3d 547, 548 (7th Cir. 2008).

## STANDARD FOR A § 2255 MOTION

"[R]elief under § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Motions to vacate a conviction or correct a sentence ask the court to grant an extraordinary remedy to one who has already had an opportunity of full

process. *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Therefore, a § 2255 Petition will only be granted when the sentence has been imposed in violation of the Constitution or laws of the United States, the court that imposed the sentence was without jurisdiction, the sentence was in excess of the statutory maximum, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

"A § 2255 is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. Untied States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore, three types of issues are procedurally barred in a § 2255 motion: (1) those that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds). There are three exceptions to this procedural bar. First, a petitioner can raise a procedurally barred constitutional issue if he can show that there was cause for failing to raise an issue on appeal and that prejudice resulted therefrom. *Belford*, 975 F.2d at 313. Second, he can raise a barred constitutional issue if he can show that the Court's failure to hear the issue would result in a fundamental miscarriage of justice—which requires an actual showing of innocence. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). There is no cause and prejudice exception for non-constitutional errors that could have been raised on appeal but were not. *Arango-Alvarez v. United States*, 134 F.3d 888, 891 (7th Cir. 1998). Lastly, and significantly, ineffective assistance of counsel claims may always be raised in § 2255 cases. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the claims in a § 2255 motion fall within this narrow scope, then the Court will determine if the allegations warrant an evidentiary hearing. *See* 28 U.S.C. § 2255. If the

petitioner alleges facts that, if true, would entitle him to relief, the court must grant an evidentiary hearing. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, these allegations must be in the form of a sworn affidavit which shows that the petitioner "had actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067. A court is not bound to grant an evidentiary hearing when the petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Bruce*, 256 F.3d at 597.

## DISCUSSION

The Petitioner seeks habeas relief for ineffective assistance of counsel on the following four grounds: (1) counsel was ineffective in failing to file a motion to suppress the evidence of prior criminal conduct; (2) counsel was ineffective in failing to make a relevance objection to the prior crimes evidence; (3) counsel was ineffective in failing to cross-examine a cooperating Defendant regarding her relationship with a task force officer and by failing to subpoena the task force officer as a witness; and (4) counsel was ineffective in failing to present stronger issues on appeal.

In seeking to prove that his counsel rendered ineffective assistance, the Petitioner "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors the result of the proceeding would have been different," *Id.* at 694. *See also Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (applying *Strickland* test to claim that appellate counsel rendered

4

ineffective assistance). Moreover, the "Court must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted). The Government contends that the Petitioner's claims do not succeed on their merits. The Court will address all four claims, respectively.

**A.      Rule 404(b) Evidence**

The Petitioner's first two grounds both relate to the admission of evidence of his 1996 conviction under Federal Rule of Evidence 404(b). In ground one he contends that his counsel should have, but did not, file a motion to suppress the evidence. In ground two he argues that his counsel should have made a relevance objection to the evidence's admission, in addition to the Rule 404(b) argument. Both of these grounds will be dismissed under the second prong of the *Strickland* test.

In its Opinion on this matter, the Seventh Circuit addressed both of these grounds related to the prior crime evidence. The Seventh Circuit's opinion expressed concern both with the admission of the evidence under Rule 404(b), and with the evidence's possible relevance.[1] However, despite its qualms with the fact that the evidence was admitted, the Seventh Circuit upheld this Court's judgment due to the overwhelming evidence that the Government presented

---

[1] Under Rule 404(b), the Seventh Circuit noted that "[i]t is hard to see how the 1996 conviction shows either intent or absence of mistake." *Webb,* 548 F.3d at 547. The Seventh Circuit also noted that this Court did not clearly make a separate relevance determination for the evidence, separate from the Rule 404(b) analysis. *Id.* at 548.

5

against the petitioner.

> Webb had a key to the house when he was arrested; he was also carrying $3,000 in stacks separated by rubber bands. His car contained plastic bags of the kind often used for packaging drugs, plus a large number of air fresheners—far too many for one car, which implies that they were used to mask the smell of marijuana. A home gym had been set up in the basement, where most of the drugs and packaging materials were found. Anyone who wanted to use the weights would have had to move some of the cocaine and marijuana to get at them; marijuana seeds and stems were found on a treadmill. Webb conceded in an interview with a DEA agent that he and Hartman were lovers. Although he denied living in Hartman's house, the concession (plus the key and his penchant for exercise) severely undermined Webb's assertion that he did not possess any drugs.

*Id.* at 548–49. As a result of all of this damning evidence, the Seventh Circuit found that the admission of the past crimes evidence was not prejudicial, and was in fact "harmless error." "Given this evidence—and there was more—the fact that Webb had a drug conviction on his record could not have affected the jury's verdict." *Id.* at 549.

The Seventh Circuit's unambiguous language informs the Court's decision against finding that "the result of the proceeding would have been different," even had the Petitioner's counsel managed to have the Rule 404(b) evidence excluded in one of the ways suggested by the Petitioner. Therefore, the Motion to Vacate cannot be granted on the basis of either of the first two grounds.

B.     **Cross-Examination**

The Petitioner next asserts that counsel was ineffective by failing to cross-examine the cooperating Defendant about her "clearly intimate relationship" with Drug Enforcement Administration Task Force Officer (TFO) Stacey Jenkins, who is male, and by failing to call

6

Jenkins as a witness. Again, the "Court must indulge the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. While Mr. Gevers did not specifically cross-examine the cooperating Defendant regarding her relationship with the TFO, a review of the Transcript from the jury trial shows that Mr. Gevers conducted a strong cross-examination of the cooperating Defendant. Among other things, her credibility was challenged with vigorous questioning about her expectation of receiving sentencing benefit in exchange for her cooperation, her role in distributing drugs from her house, perception issues related to her chronic abuse of illegal drugs, and past drug dealing activity. That Mr. Gevers chose not to investigate the allegedly improper relationship between the cooperating Defendant and the TFO, an assertion for which the Petitioner provides absolutely no support, can only be considered a matter of sound trial strategy. As the Petitioner neither reveals the basis for his assertion of impropriety, nor the way in which its disclosure would have affected the trial, he has not overcome the presumption that Gevers' decision not to broach the subject was sound trial strategy.

Regarding Gevers' failure to call the TFO to the stand, the Court notes that a lawyer's decision of whether to call a specific witness to the stand is a "strategic decision generally not subject to review. The Constitution does not oblige counsel to present each and every witness that is suggested to him." *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005) (citing *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997)). Given the lack of evidence accompanying the Petitioner's assertion of an improper relationship between the cooperating

Defendant and the TFO, Mr. Gevers cannot be faulted for not calling the witness to testify. Neither the cross-examination of Hartman nor the decision not to call the TFO to the stand "fell below an objective standard of reasonableness," and the Court will deny the Motion as it relates to these arguments.

**C.     Appellate Issues**

Finally, the Petitioner alleges that on appeal, Mr. Gevers failed to present arguments and issues that the Petitioner wanted presented, instead focusing on weak issues not likely to prevail. First, the Court notes that the arguments Mr. Gevers made on appeal were not "weak," but were fairly successful. In its Opinion, the Seventh Circuit found that the prior drug conviction did not show either intent or absence of mistake, the two uses for which it was purportedly admitted under Rule 404(b). *Webb*, 548 F.3d at 547–48. Therefore, the argument that Mr. Gevers presented on appeal was accepted on its merits. That the Seventh Circuit found harmless error is in spite of Mr. Gevers' success, not as a result of his failure.

Furthermore, the Petitioner does not state which issues he wanted to bring on appeal that were not argued. Nor does he explain how raising those issues would have affected the outcome of the Seventh Circuit's decision. Therefore, based on what the Petitioner has presented to the Court, the Court cannot make a determination as to whether Mr. Gevers' performance was deficient, or whether any alleged deficiency would have prejudiced the result of the appeal. Thus the Court will not grant the Motion on the basis of appellate counsel's performance.

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Vacate [DE 68] is DENIED.

SO ORDERED on January 14, 2010.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT